UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARYL EDWARD MCWILLIAMS,

Plaintiff,

v.

CITY OF CASTLE ROCK, et al.,

Defendant.

CASE NO. 26-5269 BHS

ORDER

THIS MATTER is before the Court on pro se plaintiff Daryl Edward McWilliams's motion to appoint counsel, Dkt. 13, McWilliams' motion to enforce stay of lower court proceedings, Dkt. 14, and McWilliams' "formal notice of intent," Dkt. 18. Defendant City of Castle Rock's response to McWilliam's motion to enforce stay asks this Court to stay this case pending the resolution of the underlying state court criminal case. Dkt. 20.

McWilliams, and plaintiffs Logan Fields, Ayden McWilliams and Teagan McWilliams, sued the City of Castle Rock in Cowlitz County Superior Court, asserting that it unlawfully modified its noise ordinance, and then unlawfully utilized it to maliciously and selectively prosecute McWilliams. Dkt. 1-1. McWilliams asserts that

ORDER - 1

"Defendant's law enforcement officers systematically issued criminal noise citations without conducting required objective decibel measurements using calibrated equipment, relying instead on subjective, retaliatory complaints from private neighbors." *Id*. at 4. He lists nine such "selective enforcement cases," and further that the City "actively coordinated" with four private parties to "facilitate" eight "retaliatory Protection Order cases" against him. *Id*. He asserts that the City's misconduct directly caused "custodial interference" by "intentionally disrupting lawful custody and visitation exchanges" in another Cowlitz County Superior Court case, *McWilliams v. McWilliams*, No. 17-3-00004-8. *Id*. at 5. McWilliams assert that these acts violated his constitutional rights.

Castle Rock removed the case based on the federal claim. Dkt. 1. McWilliams filed an amended complaint, Dkt. 12, naming several Castle Rock law enforcement officers. He also explains that the other plaintiffs are "Master Sergeant Charles Jeremy Fields," who is "guardian by adoption for McWilliams, and as designated agent under durable power of attorney for Logan Fields;" Logan Fields, a vulnerable adult; and McWilliams minor children, A.M. and T.M. Dkt. 12 at 1 and 3–4.

McWilliams now asks the Court to appoint his attorney in the state criminal cases, Longview Law Group, to represent him in this case. Dkt. 13. He asks the Court to "find on the face of the amended pleadings the need for disability access of the court, and equal fair judiciary representations as the facts of this case are of challenge in the District Cases of Cowlitz." Dkt. 13 at 2. He also asserts that an assistant attorney general emailed him and "confirmed that the allegations in his complaint are valid." *Id*. It is worth noting that

Longview Law opposes McWilliams' request that the court appoint it to represent McWilliams in this civil case. Dkt. 24.

In exceptional circumstances, a court may ask an attorney to represent any person unable to afford counsel under 28 U.S.C. § 1915(e)(1). *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citing *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). These factors must be viewed together before reaching a decision on whether to appoint counsel under § 1915(e)(1). *Id.*

The pro se plaintiffs and their non-attorney representatives cannot establish that they are likely to succeed on the merits of their claims, and therefore cannot meet this standard. There are numerous problems with the plaintiffs' claims as currently asserted.

First, a non-attorney cannot represent another person or entity in this court, and that rule cannot be overcome by an allegation that the actual plaintiff is disabled or vulnerable, or by the fact that the purported representative is and "attorney in fact" under a durable power of attorney. A non-attorney may represent only himself in court.

Representing another person or entity in court is the practice of law. To practice law, one must be an attorney. RCW 2.48.170. Thus, Washington, like all federal courts, follows the common law rule that corporations appearing in court proceedings must be represented by an attorney. There is a pro se exception to this general rule, under which a

ORDER - 3

person "'may appear and act in any court as his own attorney without threat of sanction for unauthorized practice.'" *Cottringer v. State, Dep't of Employment Sec.,* 162 Wn. App. 782, 787 (2011) (quoting *Wash. State Bar Ass'n v. Great W. Union Fed. Sav. & Loan Ass'n*, 91 Wn.2d 48, 56 (1978)).

The pro se exception is, however, extremely limited and applies "only if the layperson is acting solely on his own behalf" with respect to his own legal rights and obligations. *Cottringer,* 162 Wn. App. at 787–88 (quoting *Wash. State Bar Ass'n*, 91 Wn.2d at 57). Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him. *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966). He has no authority to appear as an attorney for anyone other than himself. *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962); *Collins v. O'Brien*, 208 F.2d 44, 45 (D.C. Cir. 1953), *cert. denied*, 347 U.S. 944 (1954); *see also* LCR 83.2(b)(4) ("A business entity, except a sole proprietorship, must be represented by counsel.").

The real party in interest must be the person who "by substantive law has the right sought to be enforced." *See* C.*E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *see also McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966) (the privilege to represent oneself pro se provided by section 1654 is personal to the litigant and does not extend to other parties or entities). A non-lawyer representative cannot litigate claims that are not personal to him.

McWilliams cannot represent his children, and Charles Fields cannot represent McWilliams, the minors, or his father, Logan Fields, in this Court.

ORDER - 4

Second, it is clear from both versions of the complaint (and from McWilliams' "emergency motion to stay state court criminal proceedings," Dkt. 14), that the aim of this litigation is to stop, alter, or reverse various state court proceedings. As the City points out, federal courts should abstain from staying or enjoining pending state criminal prosecutions absent extraordinary circumstances.

The "*Younger*" abstention doctrine applies where (1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interests, (3) there is an adequate opportunity in the state proceeding to raise constitutional challenges, and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding. *See Credit One Bank v Hestrin*, 60 F.4th 1220, 1225 (9th Cir. 2023).

This Court cannot and will not review or reverse decisions made in state court. The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "[W]hen a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden *de facto* appeal." *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003); *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010). The place to argue that a criminal proceeding is unconstitutional is in the court where it is pending, or in a direct appeal of any adverse result, or, when one is convicted and incarcerated, through a §2254 habeas corpus petition.

This Court cannot stay ongoing state court criminal cases. As a result, McWilliams cannot establish that he is likely to succeed on the merits of his claim seeking to do so, as required for the appointment of pro bono counsel. His motion for a court appointed attorney, Dkt. 13, is **DENIED**. For the same reason, McWilliams' motion to stay those state court proceedings, Dkt. 14, is **DENIED**. The City's motion to stay this case pending the resolution of the state court criminal proceedings, Dkt. 20, is **GRANTED**. The parties shall inform this Court when the state court case is completed.

* * *

The Court notes that though the case is stayed, and beyond the deficiencies described above, McWilliams has not stated a plausible claim. He has not articulated facts supporting the reasonable inference that the noise complaints against him are unconstitutional. He instead describes a broad conspiracy and asserts in conclusory fashion that the City and its officers and his neighbors have violated and are violating his constitutional rights.

A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although courts must accept as true the complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion to dismiss. *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to

provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

McWilliams' amended complaint does nothing more than state the defendants unlawfully harmed him. He does not articulate the who, what, when, where, why, or how of a factual narrative allowing *the Court* to draw the reasonable inference that any defendant is liable to McWilliams for any misconduct.

McWilliams' "formal notice of intent to file a second amended complaint, addition of parties, appointment of a magistrate and forthcoming motions under seal" is procedurally improper. The Court does not act on notice of future intent; it acts on motions properly filed, served, and noted for consideration according to the Federal Rules of Civil Procedure and this District's Local Rules. This includes motions to seal documents that the filing party believes should be sealed; a party cannot unilaterally inform the Court that the documents shall be sealed.

After the stay is lifted, the Court is likely to permit and require McWilliams to file, on his own behalf only, a second amended complaint stating a plausible claim consistent with this Order.

**IT IS SO ORDERED**.

//

ORDER - 7

Dated this 10th day of April, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 8